UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DONGGUAN YANRUI TRADING
CO., LTD.

   Plaintiff,

  v.

JOHN DOE

   Defendant.

Case No. _____

Hon. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Dongguan Yanrui Trading Co., Ltd. brings this Complaint against Defendant identified as John Doe. This Complaint is being filed together with Schedule A, which sets forth Defendant's identity and the manner in which Defendant is infringing Plaintiff's patent, and a Motion to seal Schedule A. Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a company based in Guangdong Province, China. Plaintiff is the owner of a United States design patent relating to the design of a lamp.

2. Defendant is John Doe identified in Schedule A.

3. Defendant is an online seller who hosts an online store on Amazon.com. On information and belief, Defendant is not subject to any effective verification process when creating the online store, allowing Defendant to mask its true identity and to protect its financial assets, in order to avoid liability for its infringing acts. For example, after being detected, Defendant can close one online store and open a new online store associated with a new name and address to continue its infringing activities. Because of these concealment efforts, it is virtually impossible, or at least very difficult, for Plaintiff to determine the true identity of Defendant.

4. On information and belief, Defendant uses financial accounts and services offered by Amazon.com as well as other online accounts/payment processors to accept revenues from its infringing activities. On information and belief, Defendant can use these accounts and services to quickly transfer funds to other accounts in the event its infringing activities are discovered or Plaintiff obtains a monetary judgment against it On information and belief, the ultimate resting place for Defendant's funds will be in foreign accounts outside the jurisdiction of United States courts.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this court under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391.

7. As shown in Schedule A, on information and belief, Defendant purports to reside in China, and not in any judicial district in the United States.

8. This Court may properly exercise personal jurisdiction over Defendant because Defendant targets consumers in the United States, including Michigan, by selling infringing products in its online store. By operating this online store, Defendant intends to do business with and solicit the business of United States citizens, and in particular, Michigan residents. Defendant, through its online store, offers to sell infringing products into the United States and specifically, offers to ship said infringing products to Michigan. As a result of Defendant's infringing activities through its online store in Michigan, Plaintiff has been harmed as will be addressed in this Complaint.

## COMMON ALLEGATIONS

9. Plaintiff is the owner of all rights, title, and interest in a United States Patent to a design for a lamp which is identified in and attached to Schedule A ("Asserted Patent").

10. Plaintiff possesses all rights of recovery under the Asserted Patent and has standing to sue for infringement of the Asserted Patent.

11. The Asserted Patent is valid and enforceable.

12. Without license or authorization from Plaintiff, Defendant offered for sale, sold, made, used, and/or imported into the United States lamps that infringe the Asserted Patent as shown in Schedule A.

13. Plaintiff has been harmed by Defendant's unlawful activities.

## COUNT I – INFRINGEMENT OF ASSERTED PATENT

14. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

15. Defendant has been and is now infringing, literally and/or under the doctrine of equivalents, the Asserted Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling infringing products, without license or authorization, as shown in Schedule A. These acts constitute infringement under at least 35 U.S.C. § 271(a).

16. Plaintiff has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate it for Defendant's infringement.

17. As a direct and proximate consequence of the infringement, Plaintiff has been and is being harmed, and, unless Defendant's infringing acts and practices are enjoined by the Court, will continue to be injured in its property rights.

18. On information and belief, Defendant's infringement will continue unabated unless and until enjoined by this Court.

19. Plaintiff is entitled to injunctive relief from this Court under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

Plaintiff asks this Court to enter judgment against Defendant and its officers, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. An adjudication that Defendant has infringed the Asserted Patent;

B. The ascertainment of and award to Plaintiff of damages from the infringement of the Asserted Patent, together with prejudgment and post-judgment interest and any other costs and expenses permitted by law, under 35 U.S.C. § 284;

C. A finding that this case is exceptional and the award of reasonable attorneys' fees, costs, and expenses in this action to Plaintiff under 35 U.S.C. § 285;

D. An injunction permanently enjoining Defendant from any further acts of infringement of Plaintiff's patent rights under 35 U.S.C. § 283, including:

    a. Offering for sale, selling, making, using, and/or importing into the United States any products not authorized by Plaintiff that infringe the Asserted Patent;

  b. Aiding, abetting, inducing, contributing to, or otherwise assisting anyone in infringing the Asserted Patent; and

  c. Any action designed to circumvent the injunction for the purpose of continuing infringing activity, such as assigning or transferring business rights, or forming new entities;

E. An accounting of Defendant's profits resulting from the infringement;

F. Entering an Order that, on Plaintiff's request, those in privity with Defendant and those with notice of the injunction in part D, such as Amazon.com and third party financial service providers acting in cooperation with Defendant for its infringing activity, shall cease providing services to Defendant that enable Defendant to continue conduct enjoined in part D; and

G. Awarding to Plaintiff such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 6, 2025                    Respectfully submitted,

                                                       EVIA LAW PLC

                                                       <u>/s/ Jessica Fleetham</u>
                                                       Jessica Fleetham (P81038)
                                                       32400 Telegraph Suite 103
                                                       Bingham Farms, MI 48025
                                                       248.243.1201
                                                       jessica@evialaw.com